UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHELLE OSWALD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br><br>CASE NO. 3:20-cv-00903<br><br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MICHELLE OSWALD ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of JEFFERSON CAPITAL SYSTEMS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 et seq. for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Indiana and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Indiana.

1

**PARTIES**

4. Plaintiff is a disabled consumer over 18-years-of-age residing in Elkhart County, Indiana, which is located within the Northern District of Indiana.

5. Defendant is a third-party debt collector providing accounts receivables management services. Defendant is a limited liability company organized under the laws of the State of Georgia with its principal place of business located at 16 McLeland Road, Saint Cloud, Minnesota 56303. Defendant's registered agent in Indiana is Corporation Service Company, located at 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204. Defendant regularly collects from consumers in the State of Indiana.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt that Plaintiff allegedly owed to Fingerhut ("subject debt").

8. Upon information and belief, after the subject debt was purportedly in default, it was placed with Defendant for collection purposes.

9. Since at least early 2020, Plaintiff began receiving calls to her cellular phone, (574) XXX-4816, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4816. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11.  Upon speaking with Defendant, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

12.  Plaintiff has notified Defendant's representatives that as a result of her physical disabilities, as well as the financial hardship caused by the same, she was unable to remit payment.

13.  Yet, Defendant's persistent phone calls continued, causing Plaintiff to reiterate that she could not make payment and to stop the harassing phone calls.

14.  Rather than being mindful of Plaintiff's distressful situation, Defendant's representative mocked and berated Plaintiff, criticizing her for her inability to make payment.

15.  Plaintiff was taken aback by Defendant's unprofessional conduct and harassing collection campaign.

16.  In spite of Plaintiff's efforts, Defendant has placed dozens of phone calls to Plaintiff's cellular phone through the present day, even after Plaintiff has notified it to stop calling.

17.  Defendant has mainly used the phone number (866) 655-3631 when placing calls to Plaintiff's cellular phone, however, upon belief, Defendant has used other phone numbers well.

18.  Upon information and belief, the aforementioned phone number ending in -3631 is regularly utilized by Defendant during its debt collection activities.

19.  Frustrated over Defendant's harassing conduct, Plaintiff was forced to retain counsel, and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

20.  Plaintiff has been unfairly treated and harassed by Defendant's actions.

21.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, stress, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of her telephone services, loss of cellular phone capacity, diminished

cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though full set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2003.[1]

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of the FDCPA, §1692c(a)(1) and d**

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

28. In addition, this section enumerates specific violations, such as:

> (2) Forbidding "[t]he use of obscene language or language the natural consequence of which is to abuse the hearer or reader." 15 U.S.C. § 1692d(2).
>
> (5) "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5).

---

[1] http://www.acainternational.org/search#memberdirectory

4

29. Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by its unprofessional conduct of berating and mocking Plaintiff during its collection campaign. Any reasonable fact will conclude that Defendant's actions were harassing and abusive as Defendant ridiculed and needlessly embarrassed Plaintiff when it attempted to collect upon the subject debt.

30. Defendant further violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified that Plaintiff was insolvent and to stop calling. Yet, Defendant continued to place repeated phone calls to Plaintiff's cellular phone with the hopes that the sustained pressure would cause Plaintiff to succumb to Defendant's efforts and remit payment. This repeated behavior of systematically calling Plaintiff's cellular phone, in spite of her demands, was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

31. Defendant was notified by Plaintiff that its calls were not welcomed and that she was feeling harassed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

    **b.  Violations of FDCPA, § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated §1692e and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject debt. Even though Plaintiff notified Defendant that she could not make payment and to stop calling, Defendant blatantly ignored Plaintiff's assertions regarding her financial hardships and deceptively continued to place systematic calls to her cellular phone.

35. Defendant further violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant implicitly represented that it could harass and oppress Plaintiff when it mocked and berated her. This type of behavior is explicitly prohibited by the FDCPA. Defendant's actions only served to worry and confuse Plaintiff.

### c.  Violations of FDCPA, § 1692f

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being told that she could not pay and to stop calling. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after receiving this information is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

38. Defendant further violated §1692f by ridiculing Plaintiff during its debt collection campaign, as this act was designed to place undue pressure on Plaintiff to make a payment.

39. As pled in paragraphs 17 through 19, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff MICHELLE OSWALD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 22nd day of October, 2020.                    Respectfully Submitted,

 */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Michelle Oswald*